**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge BERROJO, Defendant–Appellant.**

**No. 79–5645.**

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1980.

Rehearing and Rehearing En Banc
Denied Nov. 24, 1980.

---

James L. Harrison, Jacksonville, Fla., for defendant–appellant.

Nicholas P. Geeker, U. S. Atty., Pensacola, Fla., for plaintiff–appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it. The trial judge in this case took judicial notice that cocaine hydrochloride is a Schedule II controlled substance (whose possession with intent to distribute is a crime under 21 U.S.C. § 841(a)(1)). It is conceded that notice would have been proper if taken before the defendant moved for a directed verdict of acquittal on the basis that the prosecution had failed to prove that "cocaine" is a controlled substance. Appellant argues instead that, once the motion was filed, notice could no longer be taken. In addition, appellant challenges the jury instructions. Because the trial judge could properly take notice at any time during the proceeding and because Berrojo failed to make timely objection to the trial judge's instructions, we affirm.

The defendant, Berrojo, was indicted for possession with intent to distribute a Schedule II controlled substance, cocaine, in violation of 21 U.S.C. § 841(a)(1). Section 841(a)(1) refers only to controlled substances. Schedule II, contained in 21 U.S.C. § 812, lists among controlled substances "[c]oca leaves and any salt, compound, derivative or preparation of coca leaves." A chemist, called as a government witness, testified that the substance involved contained cocaine hydrochloride and that it "wasn't pure cocaine." There was no evidence that either cocaine or cocaine hydrochloride is derived from coca leaves. Therefore, at the conclusion of the government's case, the defendant moved for a judgment of acquittal on the ground that the government had failed to prove that the substance was listed in Schedule II. After the motion, and still outside the jury's presence, the government proffered additional testimony from the chemist that cocaine is a derivative of coca leaves. The proffer was allowed for the record. The court then stated that it would take judicial notice that cocaine is a derivative of coca leaves and denied the motion.

Thereafter, in charging the jury, the judge stated, "Cocaine is a controlled substance within the meaning of the law." No objection was made to the jury charge. The defendant was convicted. He seeks reversal on the grounds that (1) the court

**370**

should not have taken judicial notice after the close of the government's case, and (2) the jury charge given was erroneous because the court failed to instruct the jury in accordance with Rule 201(g) of the Federal Rules of Evidence.[1]

 In support of the first contention, Berrojo makes the argument that the trial judge, by taking notice that cocaine hydrochloride is derived from coca leaves, took notice of an "adjudicative fact." If so, Rule 201 which explicitly permits the trial court to take notice of adjudicative facts "at any stage of the proceeding" validates the trial judge's actions. Fed. R. Evid. 201(f). Berrojo has cited to us neither authority for ignoring the plain words of the Rule nor a persuasive reason why we should do so. If, on the other hand, the fact noticed is not the sort to which Rule 201 applies, Berrojo has cited neither authority nor reason for restricting the time for taking notice. The Supreme Court has in numerous instances noticed facts long after both parties, including the government, rested in the trial court. *See* 10 Moore's Federal Practice ¶ 201.10, at 28–29 (1979) (*citing Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969)).

 As for Berrojo's second contention, he neither objected to the instructions in the trial court nor requested an instruction conforming to Rule 201(g). Reversal would, therefore, be required only if the allegedly erroneous jury instruction amounted to plain error, an error "so obvious that failure to notice it would 'seriously affect the fairness, integrity, or public reputation of judicial proceedings,'" *United States v. Fowler*, 605 F.2d 181, 184 (5th Cir. 1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980) (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 554, 557 (1936)), and result in a "miscarriage of justice," *id.* at 185 (quoting *Eaton v. United States*, 398

F.2d 485, 486 (5th Cir. 1968), *cert. denied*, 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 (1968)). Because it is abundantly clear that cocaine hydrochloride is in fact a controlled substance, *see Padilla v. United States*, 278 F.2d 188 (5th Cir. 1960), the absence of the 201(g) instruction, if it is error at all, does not rise to the level of plain error.

For these reasons, the judgment is AFFIRMED.

1. Rule 201(g) reads in part:
In a criminal case, the court shall instruct the jury that it may, but is not required to, ac-

cept as conclusive any fact judicially noticed.