UNITED STATES of America, Appellee,

v.

Jesus Orlando ALONZO, Israel Zafra, and Alberto Lluis, Appellants.

No. 81–5311.

United States Court of Appeals, Fourth Circuit.

Argued July 15, 1982.

Decided Sept. 30, 1982.

Rehearing and Rehearing En Banc Denied Nov. 11, 1982.

William R. Shell, Wilmington, N. C. (Murchison, Fox & Newton, Wilmington, N. C., on brief), for appellants Zafra and Lluis.

James G. Roth, Miami, Fla. (Walters, Costanzo, Miller & Russell, Miami, Fla., on brief), for appellant Alonzo.

Janis H. Kockritz, U. S. Dept. of Justice, Washington, D. C. (Samuel T. Currin, U. S. Atty., Raleigh, N. C., on brief), for appellee.

Before WINTER, Chief Judge, PHILLIPS and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Defendants Alonzo, Zafra, and Lluis appeal their convictions for violation of 21 U.S.C. § 955a(a) (1981) and 18 U.S.C. § 2 (1969). The appellants were occupants of a vessel that was stopped and boarded by officers of the United States Coast Guard while located approximately 250 miles off the coast of North Carolina. On board the vessel the Coast Guard discovered approximately 12,000 pounds of marijuana. Finding no prejudicial error in the trial of the defendants for possession with intent to distribute marijuana, we affirm their convictions.

The defendants collectively challenge the constitutionality of 21 U.S.C. § 955a(a) (1981) and the sufficiency of the evidence to convict them under that statute. Section 955a(a) provides:

It is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States on the high seas, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.

21 U.S.C. § 955a(a) (1981).

Implicit in this language is the fact that one may be convicted for the substantive offense while outside the territorial waters

of the United States while on board a "vessel of the United States." The defendants allege that this provision extends jurisdiction of the United States to the "high seas", thus violating the 1958 Convention on the High Seas and other international treaties as well as the United States Constitution. We do not agree with the appellants' view of international law or the constitution. Although the United States cannot assert jurisdiction over the high seas in general, it does have the authority to punish violations of criminal laws on board flag vessels of the United States. We agree with the Eleventh Circuit that the United States has jurisdiction over its flag vessels and that § 955a(a) is constitutional. *United States v. Riker,* 670 F.2d 987 (11th Cir. 1982).

■ There was also sufficient evidence, properly admitted at trial, to find that the marijuana laden ship was a "vessel of the United States." When officers of the Coast Guard approached the ship, they observed that it was flying an American flag and had "Miami, Florida" written on its stern as a home port designation. When the officers boarded the defendants' vessel, they informed the crew that they were coming aboard under the authority of 14 U.S.C. § 89 (1956), which allows the Coast Guard to stop vessels in order to make inquiries and to check the registration documents. When documentation for the ship was requested, one of the crewmen presented a receipt for a Florida boat title application and a valid Florida boat registration certificate. The documentation revealed that the ship was registered to David P. Mulvie of 12135 Bird Drive, Miami, Florida. The registration numbers on the documents matched the number displayed on each side of the ship. Although the government did not authenticate the documents any further at trial, the boat title application and state registration were admissible as admissions of documentation in accordance with Coast Guard regulations. *See* 33 C.F.R. 173.15, 21, 23 and 25 (1981). The documents, furthermore, were admissible at trial against all defendant crewmen because a joint venture was charged and the documents were necessary for legal operation of the vessel.

The admission thus extends to all crewmen who were involved in the venture. *See United States v. McPartlin,* 595 F.2d 1321, 1351 (7th Cir.) *cert. denied* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979).

The evidence produced at trial was sufficient to prove that the ship carrying the appellants was a "vessel of the United States." That term is defined in 21 U.S.C. § 955b(c) (1981) as "(a)ny vessel documented under the laws of the United States or numbered as provided by the Federal Boat Safety Act of 1971, as amended, or owned in whole or in part by the United States or a citizen of the United States . . . ." The registration number found on the documents presented to the Coast Guard, which matched the numbers found on the sides of the vessel, complies with the numbering requirement of the Federal Boat Safety Act. *See* 46 U.S.C. §§ 1466 *et seq.* (1975 & Supp.1982). The aforementioned evidence of nationality also provides uncontroverted proof that the ship was a vessel of the United States.

■ The physical presence of inadmissible evidence at trial provides another major issue on which the defendants appeal. During the presentation of the government's case, two bales of marijuana were brought into the courtroom. Because of a break in the chain of custody, the marijuana bales were suppressed. The appellants moved for a mistrial because the inadmissible evidence had been brought into view of the jury. The motion for a mistrial was denied, but the district court offered to give curative instructions on the unfortunate event if requested by the defense counsel. Making the tactical decision that the bales should not be drawn to the direct attention of the jury right after the event and that the jury's recollection of the bales should not be refreshed in the court's final instructions, the appellants never requested a curative instruction. We find that the district court did not abuse its discretion by denying the motion for a mistrial. In light of other evidence introduced at trial, including photographs of marijuana bales stacked in the

cabin of the ship and a small sample of marijuana which had been used for an identification test, we do not find that the physical presence of the bales in the court room rises to the level of prejudice necessitating a new trial. *See Arizona v. Washington,* 434 U.S. 497, 505–15, 98 S.Ct. 824, 830–35, 54 L.Ed.2d 717 (1978).

The other claims raised by the appellants, individually and collectively, are equally without merit. We, accordingly, affirm the decision of the district court.

AFFIRM.