UNITED STATES of America, Appellee,

v.

Joseph VENNERI, Appellant.

No. 82–5341.

United States Court of Appeals,
Fourth Circuit.

Argued May 11, 1984.

Decided June 21, 1984.

Goeffrey P. Gitner, Washington, D.C. (William F. Krebs, Scherr, Krebs & Gitner, Washington, D.C., on brief), for appellant.

Michael Schatzow, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before HALL and MURNAGHAN, Circuit Judges, and YOUNG, District Judge.*

JOSEPH H. YOUNG, District Judge.

Joseph Venneri was convicted on three counts of mail fraud. 18 U.S.C. § 1341. On appeal Venneri asserts that the trial judge erred by: (1) improperly instructing the jury as to the elements of a "scheme to defraud" an employer of the honest and faithful services of its employee, (2) improperly instructing the jury that competitors and potential competitors had a right to compete for business on the basis of merit, quality, and costs; and (3) excluding evidence of the employee's other corrupt practices offered to show that defendant lacked specific intent and that there could be no potential harm to the employer.

The government charged defendant with devising a scheme (1) to defraud Marriott Corporation of the honest, faithful and loyal performance of the duties and services of its employee, Frederick Taylor; (2) to defraud Marriott of money and things of value, to which it was entitled; and (3) to defraud potential competitors of the opportunity to compete for the business of performing as subcontractors in the construction of a Marriott hotel on the basis of merit, quality, and cost. The government's proof centered on defendant's payment for a piano delivered to Taylor, and Taylor's orchestration of a meeting between defendant and one of his competitors for a Marriott hotel subcontracting job. Defendant's company was subsequently awarded the subcontracting job.

Defendant contends that the trial court's instructions erroneously failed to "focus the jury's attention on the need to find that the defendant contemplated some kind of pecuniary harm to the employer," *United States v. Lemire,* 720 F.2d 1327, 1341 (D.C. Cir.1983), while leaving the jury with the impression that deprivation of an employee's honest services alone constituted mail fraud. Defendant specifically objects to instructions stating that Marriott's right to the honest and faithful performance of services and duties is "a thing of value," and that to act with intent to defraud means to act with intent to deceive for the purpose of causing "some financial or other loss to another."

Initially, we note that defendant failed to raise properly his objection to these instructions below. Our review is, therefore, limited to clear error. *United States v. McGaskill,* 676 F.2d 995 (4th Cir.), *cert. denied,* 459 U.S. 1018, 103 S.Ct. 381, 74 L.Ed.2d 513 (1982).** In *United States v.*

* Honorable Joseph H. Young, United States District Judge for the District of Maryland, sitting by designation.

** Defendant did request an instruction which stated in relevant part: "if you find from all the evidence that the defendant failed to disclose some material information to the Marriott Corporation, the[n] you may not convict him unless you also find that this failure to disclose resulted in a loss to the Marriott Corporation." The instruction cited *United States v. McNeive,* 536 F.2d 1245 (8th Cir.1976) as authority. Without stating his reasons, defendant objected to the trial court's failure to give the requested instruction.

We do not find that the requested instruction adequately raised the issue on appeal below.

*Shamy,* we stated that "[a]ny breach of fiduciary duty by a corporate employee effected in part by the use of the mails may be a violation of the federal mail fraud statute, at least when accompanied by concealment or a failure to disclose relevant material information." 656 F.2d 951, 957 (4th Cir.1981) (citation omitted), *cert. denied,* 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982). In this case, the trial judge instructed the jury that Taylor had a duty to disclose and not to conceal facts which were "material to the decisions of the Marriott Corporation in approving subcontractors," and that if the jury found beyond a reasonable doubt that Venneri and Taylor devised a scheme in which Taylor would breach this duty, then it could find "the defendant engaged in that scheme to defraud the Marriott Corporation." Since these instructions, as well as the other instructions taken as a whole, follow our statements regarding breach of fiduciary duty under the mail fraud statute, we find no reversible error.

■ Defendant also argues that the extension of the mail fraud statute to competitors is unprecedented and unjustified. However, we find ample authority in the cases cited by the government, for the application of the statute to the scheme to defraud competitors as alleged in this case. *See United States v. Castor,* 558 F.2d 379 (5th Cir.1977), *cert. denied,* 434 U.S. 1010, 98 S.Ct. 720, 54 L.Ed.2d 752 (1978); *Gregory v. United States,* 253 F.2d 104 (5th Cir.1958). We find no error in the jury instructions concerning this issue.

■ Finally, defendant asserts that the trial judge erred in refusing to admit evidence of Taylor's other alleged corrupt practices to show that Venneri lacked the requisite intent and to show that there was no potential harm to Marriott. However, we find the evidence irrelevant for the purposes advanced by defendant. Since defendant did not know of Taylor's other corrupt practices at the time of the transaction in this case, it can hardly serve to negate his intent. Moreover, we do not accept defendant's theory that such evidence is relevant to show that Marriott could suffer no potential harm. Under defendant's theory, an employer could be defrauded of its employee's honest and faithful services only once; after the first bribe the employer would have nothing left of which it could be deprived. Simply stated, that is not the law.

Accordingly, the judgment is

AFFIRMED.

The requested instruction went to the defendant's, not to the employer's, disclosure, and spoke in terms of loss, not the potential for economic harm to the employer. Moreover, although the *McNeive* decision notes that the record in that case did not reflect "any tangible or pecuniary injury" suffered by the employer, it repeatedly speaks in terms of "material misrepresentation." 536 F.2d at 1251–52. In this case, the trial court's instructions referred to material nondisclosure as well as the need to find that the defendant contemplated injury to Marriott. Under such circumstances, the defendant failed to specify sufficiently his objections to the charge. Fed.R.Crim.Proc. 30.