870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Charles DIDONATO, Defendant-Appellant,
UNITED STATES of America, Plaintiff-Appellee,
v.
Colleen Marie Holloway MCDOWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Marshall WHITLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Mayfield MCDOWELL, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Young MCDOWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Young MCDOWELL, Defendant-Appellant.
 No. 87-5689.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1988.
Decided March 7, 1989.
 
 David F. Tamer, Ralph John Hunstein, Sr. (Percy Lee Wall, Wall & Courtwright, P.A., Louis Carr Allen, III, Office of Harold F. Greeson, William Carlton Ingram, Jr., Greeson, Allen & Floyd on brief) for appellants.
 David Bernard Smith, Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney, on brief) for appellee.
 Before ERVIN, Chief Judge, DONALD RUSSELL, Circuit Judge, and JACKSON L. KISER, United States District Judge, Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Ronald DiDonato, Terry McDowell, Albert McDowell, Jr., Coleen McDowell, and John Whitley appeal their jury convictions, pursuant to an indictment, for distributing and intending to distribute cocaine. We find that the district court did not commit reversible error and we therefore affirm the judgments of conviction.
 
 I.
 
 2
 In September 1987, Ronald DiDonato, Terry McDowell, Albert McDowell, Coleen McDowell, Amy McDowell,[1] and John Whitley were indicted by a grand jury in the United States District Court for the Middle District of North Carolina. The nine-count indictment charged the various defendants, alone or in groups, with conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1), and with travel in interstate commerce in aid of an unlawful business enterprise in violation of 18 U.S.C. Sec. 1952(a)(3). At trial, the government presented uncontroverted evidence that at various times between November 1983 and early 1986, Deborah McDowell[2] and the defendants in this case, Ronald DiDonato, Terry McDowell, Albert McDowell, Jr., Coleen McDowell, and John Whitley were involved in the purchase and distribution of quantities of cocaine. Subsequently, the jury returned verdicts of guilty against the defendants, except that the jury found Terry McDowell not guilty as charged in two counts of the indictment.
 
 
 3
 In December 1987, the five defendants were sentenced to various terms of imprisonment. Ronald DiDonato, Albert McDowell, Coleen McDowell, and John Whitley gave timely notice of appeal. In March 1988, Terry McDowell filed a notice of appeal and moved to extend the time for appeal. Terry McDowell's motion was denied by the district court in May 1988. The defendants, together or separately, raise a total of four issues on appeal.
 
 II.
 
 4
 First, Terry McDowell appeals the trial court's denial of his motion for an extension of time in which to file his appeal. We note that while the judgment and commitment orders sentencing each of the defendants were filed on December 23, 1987, it was not until March 23, 1988, that Terry McDowell filed his notice of appeal and moved to extend the time in which to file the appeal. This motion was denied by the trial court on May 3, 1988.
 
 
 5
 Rule 4(b) of the Federal Rules of Appellate Procedure provides in pertinent part: "In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." The Rule, however, continues: "Upon a showing of excusable neglect the district court may, before or after the time has expired, ... extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." In the Order of May 3, 1988, the district court found that there existed neither a factual nor a legal basis for granting an extension of time in which Terry McDowell's appeal could be filed. First, the signature and date on the appeal indicated that the defendant was as capable of signing the notice of appeal in December as he was in March 1988.[3] Second, the filing on March 23 was far beyond the 30-day extension the court was permitted to grant to the defendant upon a showing of excusable neglect.[4]
 
 
 6
 We review rulings on motions pursuant to Fed.R.App.P. 4(b) for an abuse of discretion, and we hold that the district court did not abuse its discretion by denying Terry McDowell's motion for an extension of time.
 
 
 7
 Under Fed.R.App.P. 26(b), this court is precluded from enlarging the time for filing a notice of appeal. It is well settled that compliance with the requirement that notice of appeal must be filed in a timely fashion, pursuant to Rule 4, is both "mandatory and jurisdictional." Browder v. Director, Dept. of Correction, 434 U.S. 257, 264 (1978), quoting United States v. Robinson, 361 U.S. 220, 229 (1960) (construing predecessor Rule 45(b)); see also United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir.1982). We hold that we lack jurisdiction to consider Terry McDowell's appeal, and for that reason we dismiss it.
 
 III.
 
 8
 In the second issue on appeal, Ronald DiDonato, Albert McDowell, Jr., Coleen McDowell, and John Whitley argue that the district court committed reversible error because it articulated the standard of reasonable doubt in summary fashion, and it refused to give their requested instruction which defined reasonable doubt. We find this argument to be without merit. We have stated repeatedly that district courts are "not to attempt to define reasonable doubt in their instructions to the jury absent a specific request from the jury itself." United States v. Headspeth, 852 F.2d 753, 755 (4th Cir.1988); see also United States v. Porter, 821 F.2d 968, 972 (4th Cir.1987), cert. denied, 108 S.Ct. 1108 (1988); Murphy v. Holland, 776 F.2d 470, 475 (4th Cir.1985), vacated on other grounds, 475 U.S. 1138 (1986); United States v. Love, 767 F.2d 1052, 1060 (4th Cir.1985), cert. denied, 474 U.S. 1081 (1986); United States v. Moss, 756 F.2d 329, 333 (4th Cir.1985); Smith v. Bordenkircher, 718 F.2d 1273, 1276 (4th Cir.1983), cert. denied, 466 U.S. 976 (1984). In Headspeth, we held that "[s]o long as the trial court properly instructs the jury that the government must prove the defendant's guilt beyond a reasonable doubt and that this burden remains with the government throughout the trial, the failure to give an additional instruction defining reasonable doubt, even when requested by the defendant, is therefore not reversible error." 852 F.2d at 755 (citations omitted).
 
 
 9
 In the present case, the trial court told the jury that "the government has the burden of proving [each defendant] guilty beyond a reasonable doubt", and indicated that the government bore this burden throughout the trial by stating, "[t]he law does not require a defendant to prove his innocence or produce any evidence at all." We hold that the trial court's instruction to the jury was proper, and its failure to make use of the defendants' definition of reasonable doubt was not reversible error.
 
 IV.
 
 10
 Next, Ronald DiDonato, Albert McDowell, Jr., Coleen McDowell, and John Whitley argue that the district court committed reversible error when instructing the jury because the court used a hypothetical example to illustrate the difference between direct and circumstantial evidence. As a preliminary matter, we note that at trial, only Coleen McDowell objected to the district court's use of the hypothetical. Thus, the other three appellants have waived this issue for purposes of appeal unless the use of the instruction is held to constitute clear error. See Fed.R.Crim.P. 30; Fed.R.Crim.P. 52(b); United States v. Venneri, 736 F.2d 995, 996 (4th Cir.) (citations omitted), cert. denied, 469 U.S. 1035 (1984); United States v. Bryant, 612 F.2d 799, 803 (4th Cir.1979), cert. denied, 446 U.S. 919 (1980).
 
 
 11
 Turning to a review of the jury instructions, the appellant Coleen McDowell argues that the use of a hypothetical example[5] illustrating direct and circumstantial evidence constitutes reversible error because it conveyed to the jury (1) that the defendants were guilty, (2) that guilt could be proven by both direct and circumstantial evidence, and (3) that eyewitness testimony could be believed, regardless of credibility.
 
 
 12
 When reviewing jury instructions, this court must read the trial court's instructions as a whole. Murphy v. Holland, 776 F.2d 470, 476 (4th Cir.1985), vacated on other grounds, 475 U.S. 1138 (1986). The illustration used by the trial court was short and came immediately after the court had defined the difference between direct and circumstantial evidence. It cannot be said that the use of this example was improper. "Once the judge had made an accurate and correct charge, the extent of its amplification must rest largely in his discretion." United States v. Bayer, 331 U.S. 532, 536 (1947). See also United States v. Eaton, 808 F.2d 72, 74 (D.C.Cir.1987) (illustration was short and intertwined with the proper instructions); United States v. Frappier, 807 F.2d 257, 261 (1st Cir.1986), cert. denied, 107 S.Ct. 1629 (1987) (hypothetical example properly used to explain concept of premeditation); United States v. Duncan, 598 F.2d 839, 861-62 (4th Cir.), cert. denied, 444 U.S. 871 (1979) (hypothetical example obviously was intended to illustrate the statutory meaning of a term and thus could not have misled the jury). We hold that the use of the example does not constitute error.
 
 V.
 
 13
 Lastly, defendant John Whitley claims that he was prejudiced by the government's failure to disclose or provide him with a copy of Deborah McDowell's motion pursuant to Fed.R.Crim.P. 35.[6] Whitley contends that under the Jencks Act, 18 U.S.C. Sec. 3500,[7] the government should have provided him with a copy of the motion and because he did not have the document, he was precluded from effective cross-examination of Deborah McDowell. Thus, Whitley argues that the court erred in denying the motion for mistrial.
 
 
 14
 We review a trial court's ruling on Jencks Act matters for an abuse of discretion. See United States v. Polizzi, 801 F.2d 1543, 1552 (9th Cir.1986) (citation omitted). During the trial, the district court heard Whitley's concerns regarding the Rule 35 motion and was not persuaded that the document was relevant for its impeachment value. Furthermore, the district court noted that the Rule 35 motion had been filed on June 26, 1987, and thus was not necessarily unavailable to counsel.[8] The district court had heard extensive cross-examination by Whitley's counsel regarding Deborah McDowell's Rule 35 motion, and the defendant was unable to show the district court how the document could have any additional impeachment value beyond what had been elicited during cross examination. We cannot say that the district court abused its discretion.
 
 VI.
 
 15
 Finding that the district court did not commit error, we affirm the judgments of conviction of the appellants.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Amy McDowell was tried separately, found guilty, and sentenced in March 1988 to 48 months in prison
 
 
 [2]
 Deborah McDowell was tried separately, found guilty, and sentenced to fourteen years in prison. She testified against the defendants in this case
 
 
 [3]
 The trial court found that Terry McDowell's counsel prepared a written notice of appeal for the defendant's signature and mailed it to defendant with instructions for filing, but defendant did not return the notice to trial counsel until March 1, 1988
 
 
 [4]
 The present case is easily distinguishable from United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985), where we held that a criminal defendant who filed his notice of appeal after the 10-day period set forth in Fed.R.App.P. 4(b) but within the 30-day extension period was entitled to an opportunity to seek relief by showing excusable neglect. 759 F.2d at 353. The notice of appeal submitted by Terry McDowell was far outside the 30-day extension period
 
 
 [5]
 The trial court explained:
 You may also consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of a defendant's guilt beyond a reasonable doubt before he or she can be convicted.
 Now the difference between direct and circumstantial evidence can be demonstrated by a simple analogy that I sometimes use. Suppose, for example, that a mother baked a chocolate cake for dessert and she left it in the house and went out for a while, and when she came back she found a big piece of cake missing. She calls her son and says, "Johnny, did you eat the cake I made for supper?" and he says, "No, Mother, I didn't eat the cake," or he doesn't say anything at all. Well, suppose his little sister comes running up and says: "Yes, he did, too. I saw him eat the cake." Now that's direct evidence. That's the testimony of an eyewitness.
 Well, let's suppose that there's no little sister around and Johnny denies eating the cake or doesn't say anything, and his mother says, "Johnny, let me see your hands." And he holds out his hands and there's chocolate on them, and she looks at his lips and she sees crumbs on them. Well, she hasn't seen him eat the cake, but she's seen evidence from which she can conclude that he ate the cake. That is circumstantial evidence.
 
 
 [6]
 At the time she testified, Deborah McDowell's Rule 35 motion for reduction of sentence was pending before the district court judge in Winston-Salem
 
 
 [7]
 The Jencks Act requires the government to turn over statements in its possession that relate to the subject matter of the witnesses' testimony at trial
 
 
 [8]
 We would also note that the motion was in the district court's file in Winston-Salem and presumably accessible to defense counsel acting with reasonable diligence. See United States v. Polizzi, 801 F.2d 1543, 1552 (9th Cir.1986); United States v. McKenzie, 768 F.2d 602, 608 (5th Cir.1985), cert. denied, 474 U.S. 1086 (1986); United States v. Cagnina, 697 F.2d 915, 922-23 (11th Cir.), cert. denied, 464 U.S. 856 (1983). Furthermore, it has been held that for Jencks Act purposes, statements in the district court's control are not in the possession of the prosecution. See United States v. Trevino, 556 F.2d 1265, 1271 (5th Cir.1977)