54 F.3d 775
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Billy G. REED, Defendant-Appellant.
 No. 94-5538.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 18, 1995.
Decided: May 19, 1995.
 
 Michael Robert Cline, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, Michael Lee Keller, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Billy G. Reed appeals his conviction and sentence for possession of cocaine base with intent to distribute in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(B) (West 1981 & Supp.1994). On appeal, Reed's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting two issues but stating in his view there are no meritorious issues for appeal. Reed has filed a pro se supplemental brief. After a thorough review of the briefs and the record we affirm.
 
 
 2
 United States Marshals arrested Reed at a restaurant. While Reed was being escorted out of the restaurant, two restaurant patrons noticed him dropping a plastic aspirin bottle on the floor. The patrons retrieved the bottle and turned it over to the police. The police examined the contents of the bottle and discovered 13.5 grams of cocaine base. The police delivered the bottle to the United States Marshals.
 
 
 3
 Reed was charged with possession of cocaine base with intent to distribute in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(B). Because Reed had previously been convicted of possession of cocaine base with intent to distribute, the Government filed an information seeking enhanced penalties, asserting that Reed was subject to a ten year mandatory minimum sentence under 21 U.S.C.A. Sec. 841(b)(1)(B). During the trial, one of the Marshals referred to Reed as a fugitive. The defense objected and moved for a mistrial. The district court denied the motion and admonished the jury to disregard the remark.
 
 
 4
 The Government presented an expert witness who testified that if an individual were buying cocaine base for personal use, he would generally spend $25 at a time to buy a quarter-gram rock. Thus, Reed, who possessed 13.5 grams, had enough cocaine base to make fiftytwo rocks worth over $1300.
 
 
 5
 The district court did not give an instruction on the lesser-included offense of simple possession. Further, in definingg "distribute," the court said the term "means to deliver a controlled substance to the possession of another person, which in turn means the actual, constructive, or attempted transfer of a controlled substance." Reed did not object to this jury instruction, nor did he propose that the court instruct the jury on the lesser-included offense of simple possession.
 
 
 6
 The jury found Reed guilty of possession of cocaine base with intent to distribute. Because Reed had previously been convicted of a drug-related felony, the district court sentenced him to the ten year mandatory minimum under 21 U.S.C.A. Sec. 841(b)(1)(B). Reed did not object to the district court's sentence calculations, he did not argue that the court incorrectly applied the guidelines, and he did not object to court's imposition of the ten year minimum sentence.
 
 
 7
 In his Anders brief, Reed's attorney mentioned, as a possible ground for appeal, the district court's refusal to grant a mistrial when the United States Marshal referred to Reed as a fugitive. This Court reviews the denial of a motion for mistrial for abuse of discretion. United States v. Alonzo, 689 F.2d 1202, 1204 (4th Cir.1982). In United States v. Moore, 710 F.2d 157 (4th Cir.), cert. denied, 464 U.S. 862 (1983), this Court addressed a situation directly on point. In that case, an FBI agent referred to the defendant as a fugitive. Id. at 159. The district court denied defense counsel's motion for a mistrial and instructed the jury to disregard the remark. Id. On appeal, this Court held that "absent other indications of prejudice or evidence of intentional prosecutorial misconduct," the district court's instruction was sufficient to cure any unfairness. Id. at 159. In Reed's trial there were no indications of prejudice or prosecutorial misconduct. The district court, therefore, did not abuse its discretion in refusing to grant the motion for a mistrial.
 
 
 8
 Reed's attorney also suggests that the district court may have erred in imposing the ten year mandatory minimum provided by 21 U.S.C.A. Sec. 841(b)(1)(B). Under that statute, if a person is convicted of possessing five or more grams of cocaine base with intent to distribute and that person was previously convicted of a drug-related felony, then "such a person shall be sentenced to a term of imprisonment which may not be less than 10 years." 21 U.S.C.A. Sec. 841(b)(1)(B). The prior conviction must have arisen from separate, rather than related, offense conduct. United States v. Blackwood, 913 F.2d 139, 147 (4th Cir.1990). Reed was convicted in August 1992 of possession of cocaine base with intent to distribute. There was nothing in the record which indicated, and Reed did not claim, that this previous conviction was somehow related to the present offense. Thus, the district court properly imposed the ten year mandatory minimum sentence provided by 21 U.S.C.A. Sec. 841(b)(1)(B).
 
 
 9
 In his supplemental brief, Reed argues that the Government presented insufficient evidence to prove intent to distribute. The standard of review for a claim of insufficient evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). "[I]ntent to distribute the controlled substance can be inferred if the quantity is larger than what normally would be consumed for personal use." United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993). The Government presented evidence that Reed possessed 13.5 grams of cocaine base. This evidence alone was sufficient to show intent to distribute. See United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992) (thirteen plus grams of cocaine base was a sufficient quantity to support an inference of intent to distribute). The Government presented additional evidence that 13.5 grams of cocaine base had a street value over $1300, much more than an individual would carry for personal use. This evidence was sufficient to convince a rational trier of fact that Reed was guilty beyond a reasonable doubt of possession with intent to distribute. Glasser, 315 U.S. at 80.
 
 
 10
 Reed also contends that the district court erred in failing to instruct the jury on the lesser-included offense of simple possession and that the court lessened the Government's burden of proof when it used the word "transfer" to define distribution. At trial, Reed did not object to the district court's definition of distribution, and he did not propose that the court instruct the jury on the offense of simple possession. The issue of allegedly erroneous jury instructions may not be raised on appeal when the defendant did not object or propose an alternative instruction at trial, United States v. Bryant, 612 F.2d 799, 803 (4th Cir.1979), cert. denied, 446 U.S. 919 (1980), unless the judge's failure to properly instruct was clear error. United States v. Venneri, 736 F.2d 995, 996 (4th Cir.), cert. denied, 469 U.S. 1035 (1984). There is nothing in the record to indicate that the district court's jury instruction amounted to clear error. Thus, this issue may not be raised on appeal.
 
 
 11
 We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 12
 The district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED