**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5697

LENWOOD WEBSTER DAVIS, a/k/a
Tony Lee Miller,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, District Judge.
(CR-94-21)

Submitted: November 28, 1995

Decided: January 12, 1996

Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James S. Perry, PERRY, PERRY & PERRY, Kinston, North Caro-
lina, for Appellant. Janice McKenzie Cole, United States Attorney,
John S. Bowler, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lenwood Webster Davis ("Davis")* was convicted of possession of cocaine base with intent to distribute and conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C.A. §§ 841(a)(1), 846(b)(1)(B) (West 1981 & Supp. 1995). Davis noted a timely appeal. Counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), noting that Davis contends that his trial counsel was ineffective because he failed to file certain discovery motions and because he failed to properly advise Davis about his rights not to take the witness stand. Counsel states, however, that in his view there exist no nonfrivolous grounds for appeal. Davis filed a supplemental brief raising several claims.

Davis, Victor Pinilla ("Pinilla"), and Stenicsha Evans ("Evans") were approached by detectives of the Jacksonville, North Carolina, Police Department. When asked, Davis consented to a search of his person. The detectives found several hundred dollars in currency, a set of keys, and a motel room key with the number "246" on it. The items were laid out on the trunk of a car. The detectives observed Pinilla surreptitiously place his hand over the motel key and place it in his pocket. Pinilla was unaware that he was being watched when he took the key. The detectives then departed.

After a quick investigation, the detectives determined that the motel key was for a room at the Day's Inn. The room was registered to Evans. The detectives set up a surveillance outside the room. Shortly thereafter, Davis walked up the back stairway of the motel heading in the direction of Room 246. Davis spotted the detectives and asked them if something had happened. Davis then said that he

_____

*Davis also used the alias Tony Miller. He was indicted under his alias.

2

was looking for his girlfriend in room 122. When the detectives told Davis that there was no room 122, Davis changed his story and said he was looking for a soda machine.

While this was occurring, one of the detectives spotted Pinilla's car in the motel parking lot. The detective ran down to the lot and found Pinilla and Evans in the car. The detective asked them to come up to the room. The detectives confirmed with Evans that she had rented the room. They then asked Evans if they could search the room. She consented. The detectives found a portable radio in the room. Upon close observation they could see currency inside the radio. They broke open the radio and found 244 grams of crack cocaine.

Davis and Pinilla were tried together. The prosecution presented testimony from several witnesses. The detectives testified about the events leading up to the arrest of the Defendants. Evans also testified for the prosecution. Evans said that Davis had approached her in Florida and had asked her to drive him to North Carolina. When they arrived in Jacksonville, Davis immediately began to look for Pinilla and had him paged. Davis then gave Evans some money and told her to rent the motel room. Two convicted drug dealers and a crack cocaine addict from the Jacksonville area also testified for the prosecution; they implicated Davis and Pinilla in various drug deals.

Davis testified in his own defense. He denied any knowledge of the physical evidence and in various respects implicated his Co-Defendant Pinilla. Not to be outdone, Pinilla decided to plead guilty and testify against Davis. The government offered Pinilla's testimony in rebuttal to Davis's testimony. Davis did not object. Pinilla testified that Davis had brought the crack from Miami in the radio to sell to Pinilla. Both sides rested after Pinilla's testimony. Davis did not object during jury instructions. The jury convicted Davis of one count of possession of cocaine base with intent to distribute, and one count of conspiracy to possess cocaine base with intent to distribute.

Davis's first claim in his supplemental brief is that the district court erred in denying his motion for judgment of acquittal. Denials of motions for acquittal are reviewed under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 112 S. Ct. 3051. This court reviews sufficiency of the

3

evidence deferentially, viewing the evidence in the light most favorable to the government and inquiring whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); see Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When construed in the light most favorable to the Government, the testimony from the Jacksonville Police detectives, Evans, and the two Jacksonville crack dealers provided sufficient evidence to convince a rational trier of fact that Davis was guilty beyond a reasonable doubt. Glasser, 315 U.S. at 80. Accordingly, Davis was not entitled to a judgment of acquittal.

Davis also claims that the admission of Pinilla's testimony was unduly prejudicial under Fed. R. Evid. 403, because Pinilla was his Co-Defendant. The admission of evidence is committed to the discretion of the trial court and is not overturned on appeal absent irrationality or arbitrariness. United States v. Bailey , 990 F.2d 119, 122 (4th Cir. 1993); see also United States v. Russell , 971 F.2d 1098, 1104 (4th Cir. 1992) (district court's evidentiary rulings entitled to substantial deference on appeal), cert. denied, 113 S. Ct. 3051.

Davis's argument is without merit because the record clearly shows that the trial court properly admitted Pinilla's testimony as rebuttal to Davis's testimony. The testimony was not unduly prejudicial and its probative value outweighed any prejudice suffered by its admission. United States v. Mark, 943 F.2d 444, 449 (4th Cir. 1991). Moreover, any undue prejudice suffered by the admission of the evidence was obviated by the court's limiting instruction on the proper use of the evidence given prior to Pinilla's testimony. Id.

Davis also contends the trial court should have directed a mistrial on its own motion. Review of the trial judge's failure to direct a mistrial on its own motion is limited to review for plain error. The plain error rule, Federal Rules of Criminal Procedure 52(b), must be applied cautiously and should be invoked only in the exceptional case where, after reviewing the entire record, it appears that an error that seriously affects the fundamental fairness of the trial process has been committed. See United States v. Mitchell, 1 F.3d 235, 239-40 (4th Cir.

4

1993). Based on a review of the entire proceeding, we find that this case is not one in which such a fundamental error occurred.

Davis further contends in his supplemental brief that the trial court erred in instructing the jury. Davis did not object to the jury instructions nor did he propose alternative instructions. The issue of allegedly erroneous jury instructions may not be raised on appeal when the defendant did not object or propose an alternative instruction at trial, United States v. Bryant, 612 F.2d 799, 803 (4th Cir. 1979), cert. denied, 446 U.S. 919 (1980), unless the judge's failure to properly instruct was clear error, United States v. Venneri, 736 F.2d 995, 996 (4th Cir.), cert. denied, 469 U.S. 1035 (1984). Our review of the record reveals that the trial court's jury instructions were adequate and did not amount to clear error.

Finally, Davis in his supplemental brief and his appellate counsel in his Anders brief, raise claims of ineffective assistance. Such claims, however, should be raised by motion under 28 U.S.C.§ 2255 (1988), in the district court and not on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992). Davis's claims of ineffective assistance are largely based on his contentions that counsel failed to object to the alleged substantive errors previously discussed. As those claims are without merit, the record does not conclusively establish counsel's ineffective assistance.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6