**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5617

REGINALD GAITHER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5618

FRANKLIN MOYLER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5619

WENDELL SMITH,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-92-A)

Submitted: April 9, 1996

Decided: April 22, 1996

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia;
Bruce M. Cooper, Washington, D.C.; Alan Yamamoto, Alexandria,
Virginia, for Appellants. Helen F. Fahey, United States Attorney,
LeDora Knight, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellants Reginald Gaither, Franklin Moyler, and Wendell
Smith appeal their convictions and sentences arising from their
involvement in an assault on a fellow inmate at the Lorton Reforma-
tory. Finding no reversible error, we affirm the Appellant's convic-
tions and sentences.

On March 14, 1995, a disturbance occurred on the ballfield at the
Occoquan Facility of the Lorton Reformatory. Several inmates
attacked and repeatedly struck inmate Andre Jackson with weight
bars, bats, and bricks. Correctional officers saw and responded to the
attack. During the attack on Jackson, correctional officer Frederick
Montanya was struck by a brick thrown by an inmate at Jackson. An
investigation into the attack revealed that the Appellants were Jack-
son's assailants. The Appellants were indicted and received a jury
trial in the federal district court for the Eastern District of Virginia.
The jury found Gaither guilty of assault with a dangerous weapon
with the intent to do bodily harm,[1] Moyler guilty of assault[2] and

_____

[1] 18 U.S.C. § 113(c) (1988).
[2] 18 U.S.C. § 113(d) (1988);D.C. CODE ANN. § 22-505(b) (1994).

2

assault with a dangerous weapon,**3** and Smith guilty of assault.**4** The Appellants now appeal their convictions and sentences claiming various errors.

First, the Appellants contend that the district court was without subject-matter jurisdiction over the crimes committed at the Lorton Reformatory and the district court erred in taking judicial notice that the Lorton Reformatory was within the special maritime and territorial jurisdiction of the United States. The Appellants' claim is without merit. It is well settled that the United States District Court for the Eastern District of Virginia has original jurisdiction for crimes committed at the Lorton Reformatory.**5** Additionally, we find that the district court properly took judicial notice that the Lorton Reformatory fell within the special maritime and territorial jurisdiction of the United States. Lorton Reformatory's location was generally known in the Alexandria Division of the Eastern District of Virginia and verifiable from "sources whose accuracy cannot reasonably be questioned."**6**

Next, the district court did not err by failing to instruct the jury that they could disregard the judicially noticed fact that the Lorton Reformatory was within the special maritime and territorial jurisdiction of the United States. When the adequacy of jury instructions was not challenged at trial, a showing of plain error is required.**7** The Appellants fail to show that the court's failure to specifically instruct the jury that they could disregard judicially noticed facts seriously affected the fairness, integrity, or public reputation of the judicial proceedings and resulted in a miscarriage of justice. **8**

Finally, the Appellants challenge various evidentiary rulings by the trial court to admit, exclude, or limit certain witness testimony. Specifically, the Appellants contend that the trial court's evidentiary rul-

_____

**3** 18 U.S.C. § 113(c) (1988).
**4** 18 U.S.C. § 113(d) (1988).
**5** <u>United States v. Young</u>, 916 F.2d 147, 150 (4th Cir. 1990).
**6** FED. R. EVID . 201(b).
**7** <u>United States v. Venneri</u>, 736 F.2d 995, 996-97 (4th Cir.), <u>cert. denied</u>, 469 U.S. 1035 (1984).
**8** <u>United States v. Berrojo</u>, 628 F.2d 368 (5th Cir. 1980).

ings denied them the right to confront and effectively examine witnesses. The Appellants' claims are without merit. The Appellants were able to examine all witnesses regarding their perceptions and recollection of the attack on the ballfield, their custody and handling of physical evidence, their authorship of various reports related to the incident, and any known inconsistencies. A trial court's evidentiary rulings are entitled to substantial deference,[9] and a court has great discretion on limiting testimony that leads away from the main controversy.[10] Further, the jurors were able to assess the various witnesses' testimony for bias, and witness credibility lies within the sole province of the jury and is not subject to appellate review.[11] Consequently, we find no abuse of discretion by the district court.

Accordingly, we affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[9] **United States v. Russell**, 971 F.2d 1098, 1104 (4th Cir. 1992), cert. denied, 506 U.S. 1066 (1993).
[10] **See Davis v. Alaska**, 415 U.S. 308, 316 (1974); United States v. McMillon, 14 F.3d 948, 956 (4th Cir. 1994).
[11] **United States v. Saunders**, 886 F.2d 56, 60 (4th Cir. 1989).

4