**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John YOUNG, Defendant–Appellant.**

**No. 89–5016.**

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1990.

Decided Oct. 12, 1990.

---

John Kenneth Zwerling, Zwerling, Mark & Sutherlund, P.C., Alexandria, Va., argued (Thomas J. Curcio, Cohen, Dunn & Sinclair, P.C., Alexandria, Va., on brief), for defendant-appellant.

Dennis Michael Kennedy, Asst. U.S. Atty., Alexandria, Va., argued (Henry E. Hudson, U.S. Atty., Jennifer A. Costas, Law Student, Alexandria, Va., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, and MURNAGHAN and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

Appellant John Young was confined at Lorton Reformatory, serving a sentence of 54 years to life imprisonment for armed robbery and first degree murder, when, as a result of an incident which occurred during a major disturbance on December 24, 1987, he was charged (1) with willfully assaulting corrections officer Rhyne with a dangerous weapon with intent to cause bodily harm in violation of 18 U.S.C. § 113(c), (2) with assaulting Rhyne while the corrections officer was in the performance of his official duties, in violation of District of Columbia Code § 22–505(a), and (3) with possession of a knife in violation of Lorton Reformatory Regulations, a viola-

tion of 18 U.S.C. § 13, assimilating Virginia Code § 53.1–203(4) (1950), as amended. At trial Young was convicted on each count and was sentenced to 65 months on Count I, 65 months on Count II to run concurrently with the sentence on Count I, and 40 months on Count III to run consecutively to the sentences under Counts I and II. All sentences were consecutive to the sentences he was then serving.

On appeal Young argues (1) that the U.S. Sentencing Guidelines are not applicable to violations of the District of Columbia Code, (2) that the U.S. Sentencing Guidelines are not applicable to cases under the Assimilative Crimes Act, (3) that the sentences given on Counts I and II are outside the statutory maximum, (4) that the sentencing court erred in not grouping all counts for the purposes of the Sentencing Guidelines, (5) that the trial judge erred in holding that knowledge of the assault victim's status as a corrections officer was sufficient to show that the attack was motivated by such status, and (6) that if the Sentencing Guidelines are applicable to assimilative crimes, the sentence must comport with the "like punishment" aspect of the Assimilative Crimes Act.

We hold that the Guidelines are applicable to crimes committed at Lorton Reformatory and to crimes under the Assimilative Crimes Act. We affirm the convictions of Young. However, we remand for resentencing because the maximum sentence for each of Counts I and II is 60 months, and the sentences of 65 months on each count are legally excessive, and all counts should have been grouped for sentencing under U.S. Sentencing Guidelines § 3D1.2.

## I

On the evening of December 24, 1987, Lorton inmate Ricky Green was being chased across the yard by a group of inmates which included appellant John Young. Green had a shank (homemade knife) in his hand as he approached corrections officer Rhyne. As Green passed, Rhyne tripped him and grabbed the shank, but Green caught Rhyne from behind and used him as a shield against his pursuers.

Rhyne was in uniform at the time, and Young made a thrust at Rhyne with his shank, catching Rhyne's jacket with the weapon, but inflicting no personal injuries to Rhyne. Young was apprehended and his shank was confiscated.

At his sentencing, after he had been convicted on the three counts set forth above, appellant challenged the addition of two levels to his base offense level for bodily injury as to Count I, because the corrections officer was not injured. He challenged the addition of three levels to Count II for victim-related status because even though the victim was a corrections officer, there was no showing that the crime was motivated by such status. Appellant also contended that Counts I and II were related and should have been grouped for sentencing. The trial judge found that a two-level increase was not justified on Count I because corrections officer Rhyne was not injured, and that the corrections officer was in uniform at the time of the assault and a three-level increase should be made as to Count II because the crime was motivated by the victim's status as a corrections officer.

The claim that Counts I and II should be grouped for sentencing was withdrawn by appellant's trial counsel, so these offenses were not grouped.

The court found a base offense level of 25, criminal history category V, and a Guidelines range of 100–125 months. The court then imposed a sentence of 65 months concurrent as to Counts I and II, and 40 months consecutive as to Count III for a total of 105 months to be consecutive to the sentences Young was then serving.

An appeal was filed by Young's trial attorney, but he then submitted a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that an appeal would be frivolous, and requested leave to withdraw. Young then filed a pro se brief claiming ineffective assistance of counsel and asking that his attorney be granted leave to withdraw. We allowed the trial attorney to withdraw and appointed new counsel to handle the appeal.

## II

We find no merit to appellant's claim that the United States Sentencing Guidelines do not apply to crimes committed at Lorton Reformatory, which is located in the Eastern District of Virginia. Appellant argues that under the holding in *United States v. Thompson*, 347 A.2d 581 (D.C. 1975), both the United States District Court for the Eastern District of Virginia and the Superior Court of the District of Columbia had jurisdiction to try Young for the offenses committed at Lorton Reformatory. He then claims that the prosecutors have preferred to bring cases in the United States district courts because defendants receive longer sentences under the U.S. Sentencing Guidelines which are applicable in the federal courts and not in the Superior Courts of the District of Columbia.

Although the second count of the indictment is brought under District of Columbia Code § 22–505(a), which makes it a crime to assault "any officer or employee of any penal or correctional institution of the District of Columbia, or any officer or employee of the government of the District of Columbia charged with the supervision of juveniles being confined pursuant to law in any facility of the District of Columbia, whether such institution or facility is located within the District of Columbia or elsewhere," this does not grant exclusive jurisdiction to the Superior Court, and we so held in *United States v. Perez*, 488 F.2d 1057 (4th Cir.1974). The Eastern District of Virginia has jurisdiction under the clear language of § 22–505 of the D.C.Code and under Article III of the Constitution which requires "[t]he Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The United States District Court for the Eastern District of Virginia has original jurisdiction for crimes committed at Lorton Reformatory, which is located within that district, and this includes criminal charges for violation of the D.C.Code and also for violation of Virginia criminal laws assimilated by 18 U.S.C. § 13.

District of Columbia Code § 22–505(a) is the basis for the charges contained in Count II of the indictment, and Code of Virginia § 53.1–203(4) as assimilated by 18 U.S.C. § 13 is the basis for the charge in Count III. The application of these laws to crimes committed at Lorton Reformatory is proper and provides a set of laws more complete than would be the case if only federal statutes were applicable.

## III

Appellant argues that the Sentencing Guidelines do not apply to the Assimilative Crimes Act because of the requirement that persons convicted under 18 U.S.C. § 13 be "subject to a like punishment" as prescribed by state law. He contends that in sentencing the appellant, the trial judge made no effort to conform the sentence under Count III to state sentencing practices, and it was error not to seek intrastate uniformity in sentencing.

The Sentencing Reform Act and the Sentencing Guidelines adopted thereunder apply to assimilated crimes. *See United States v. Garcia*, 893 F.2d 250 (10th Cir.1989); *United States v. Leake*, 908 F.2d 550 (9th Cir.1990); and the Commentary to § 2X5.1, United States Sentencing Commission *Guidelines Manual*, effective November 1, 1989, which refers specifically to assimilated crimes. Both *Leake* and *Garcia* hold that the "like punishment" requirement of the Assimilative Crimes Act mandates that federal court sentences for assimilated crimes must fall within the minimum and maximum terms established by state law, and that within this range of discretion federal judges should apply the Sentencing Guidelines to the extent possible. We agree with and adopt this holding.

We are aware of *United States v. White*, 741 F.Supp. 1200 (E.D.N.C.1990), which holds that the Sentencing Guidelines do not apply to charges under the Assimilative Crimes Act. *White* relies upon language contained in *United States v. Robinson*, 495 F.2d 30 (4th Cir.1974), and *United States v. Price*, 812 F.2d 174 (4th Cir.1987), which predate the enactment of the Sen-

tencing Reform Act and its Guidelines. The reasoning in *White* is not persuasive and it is not the law of this Circuit.

## IV

The sentences of 65 months on both Counts I and II exceed the statutory maximum provided and are set aside. Both 18 U.S.C. § 113(c) and § 22–505(a) of the D.C. Code, the statutes violated in Counts I and II, respectively, have maximum penalties of only five years (60 months) imprisonment. Sentences of 65 months on each of these counts are illegal: "It is well established that a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal." *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947).

## V

Since there must be a remand for resentencing, we will examine the process used by the district court in its determination of the original sentences, and we will explain the proper approach on resentencing. The trial judge found that the corrections officer was not injured in the assault; therefore, an increase of two levels on Count I was not appropriate under Guidelines § 2A2.1(b)(3)(A). On Count II the trial judge found that the assault was motivated by Officer Rhyne's status as a corrections officer and three levels were added pursuant to Guidelines § 3A1.2(a). These findings of fact are not clearly erroneous. The court found that the appellant had withdrawn his claim that Counts I and II should be grouped. As a result, the offenses were not grouped as they should have been under U.S.S.G. § 3D1.1. The decision of whether to group counts is reviewed *de novo*. *United States v. Toler*, 901 F.2d 399 (4th Cir.1990).

The trial judge determined that the adjusted offense level was 23 using Count II as the highest level and adjusting for the status of the victim and the use of a weapon. The adjusted offense level was increased to 25 when Counts I and III were considered. The criminal history category

was V and this combination produced a Guidelines range of 100–125 months in prison. The appellant received 65 months on Count I, 65 months on Count II, concurrent to Count I, and 40 months on Count III to be served consecutively to the sentences on Counts I and II.

Young claims that it was error not to group all of the counts to establish the proper sentence. Although at sentencing appellant's attorney withdrew the request to group Counts I and II, the United States acknowledges that it was error not to group Counts I and II, and the United States Attorney has not argued that the issue of grouping was not properly preserved for appeal. Young's trial counsel obviously did not have confidence in the grouping issue, because he originally argued to group Counts I and II and then withdrew this request. Appointed counsel has raised the matter of grouping and the issue of grouping is now before us. This issue must be addressed, because a failure to group, when required, is a misapplication of the Guidelines and appealable under 18 U.S.C. § 3742(a)(2).

The grouping of offenses is covered by part D, U.S. Sentencing Guidelines. It is provided in § 3D1.1(a):

> *Procedure for Determining Offense Level on Multiple Counts*
>
> When a defendant has been convicted of more than one count, the court shall:
>
> (a) Group the counts resulting in conviction into distinct Groups of Closely–Related Counts ("Groups") by applying the rules specified in § 3D1.2.

Section 3D1.2 provides:

> *Groups of Closely–Related Counts*
>
> All counts involving substantially the same harm shall be grouped together in a single Group. A count for which the statute mandates imposition of a consecutive sentence is excluded from such Groups for purposes of §§ 3D1.2–3D1.5. Counts involve substantially the same harm within the meaning of this rule:
>
> (a) When Counts involve the same victim and the same act or transaction.

\* \* \* \* \* \*

**152**

(c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

■ Under the clear language of § 3D1.2(a), all counts against Young must be grouped for sentencing. They involve the same act or episode—an assault with a weapon upon a corrections officer. Count I charges that appellant Young "did assault Twan Rhyne with a dangerous weapon, to wit, a shank with intent to do bodily harm to said Twan Rhyne." Count II charges Young with assaulting corrections officer Rhyne while said officer "was engaged in the performance of his official duties." Count III (possession of a weapon) is a part of the same episode, and all three charges arise out of the same act and must be grouped as required by §§ 3D1.1 and 3D1.2(a) and (c). All of the counts involve the same act or transaction, they represent essentially the same injury, they are a part of the same criminal episode, they involve the same victim, and the possession and use of a weapon is "a specific offense charactistic in, or adjustment to, the guideline applicable to another count." The use of the weapon requires an upward adjustment of four levels to Count II as indicated below.

To determine the offense level applicable to the grouped offenses, we turn to § 3D1.3 which provides:

*Offense Level Applicable to Each Group of Closely–Related Counts.*

Determine the offense level applicable to each of the Groups as follows:

(a) In the case of counts grouped together pursuant to § 3D1.2(a)–(c), the offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group.

Application Note 1 states: "The 'offense level' for a count refers to the offense level from Chapter Two after all adjustments from Parts A, B, and C of Chapter Three."

Applying these rules, Count II, assault upon a corrections officer, has the highest offense level after the required adjustments are made:

| | |
|---|---|
| 15 | Base level (§ 2A2.2) |
| 4 | Weapon used (§ 2A2.2(b)(2)(B)) |
| 3 | Official victim (§ 3A1.2) |
| 22 | Adjusted base level |

The adjusted base level for Count I is 19, and the adjusted base level for Count III is 16. Using the highest adjusted offense level of 22 and a criminal history V, the Guidelines range is 77–96 months, and not 100–125 used by the district court. The error was occasioned by the withdrawal of the motion to group at sentencing.

The Guidelines range of 77–96 months is in excess of the 60–month maximum provided for each of the three offenses. To determine the proper sentence on multiple counts, we look to U.S.S.G. part G, specifically § 5G1.2(d):

If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

The Commentary advises that "total punishment is determined by the adjusted combined offense level. To the extent possible, the total punishment is to be imposed on each count. Sentences on all counts run concurrently, except as required to achieve the total sentence, or as required by law."

The Guidelines range of 77–96 months would require a sentence of 60 months on Count I, 60 months on Count II to be served concurrently, and a consecutive sentence within a range of 17–36 months on Count III to reach the "total punishment" for these two counts.

We hold that the U.S. Sentencing Guidelines are applicable to the appellant's offenses. We affirm the district court's finding that the assault was motivated by the

status of the victim as a corrections officer. We set aside all sentences and we remand for resentencing. The sentences on Counts I and II exceed the statutory maximum, and all counts should have been grouped under the Sentencing Guidelines.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.