960 F.2d 148
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John YOUNG, Defendant-Appellant.
 No. 90-5117.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 23, 1992
Decided: April 29, 1992
 
 Appeal from the United States District Court for the District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-88-234)
 John Kenneth Zwerling, Zwerling, Mark & Sutherlund, P.C., Alexandria, Va., for appellant.
 Kenneth E. Melson, United States Attorney, Dennis M. Kennedy, Assistant United States Attorney, Michael H. Koby, Third-year Law Student, Alexandria, Va., for appellee.
 D.Va.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Young-Bey* appeals the sentences imposed by the district court after this Court affirmed his convictions and remanded for resentencing. He alleges that the sentences imposed on him violate the Double Jeopardy Clause. Finding no error, we affirm.
 
 
 2
 Young-Bey was convicted of three charges arising out of an assault on a correctional officer at Lorton Reformatory, where Young-Bey was incarcerated. Count one charged that Young-Bey willfully assaulted a corrections officer with a dangerous weapon with intent to cause serious bodily harm, in violation of 18 U.S.C. § 113(c) (1988). Count two charged that Young-Bey assaulted a corrections officer while the officer was performing his duties, in contravention of D.C. Code Ann. § 22-505(a) (1981). Count three charged that Young-Bey possessed a knife in violation of Lorton Reformatory regulations as prohibited by Va. Code Ann. § 53.1-203(4) (Michie 1991), assimilated by 18 U.S.C. § 13 (1988).
 
 
 3
 Young-Bey was sentenced to sixty-five months on count one, sixty-five months on count two, to be served concurrently with the sentence imposed on count one, and forty months on count three, to be served concurrently to the sentences for counts one and two. This Court affirmed the convictions but remanded for resentencing, holding that the district court erred in not grouping the offenses. United States v. Young, 916 F.2d 147 (4th Cir. 1990). On remand, the district court sentenced Young-Bey to sixty months on count one, sixty months on count two to run concurrently with the sentence imposed on count one, and a consecutive sentence of twenty-four months on count three. The total term on the grouped offenses was eighty-four months, well within the seventy-seven to ninety-six month range directed by this Court.
 
 
 4
 Young-Bey appealed. On appeal, he contends that the offense that formed the basis for count three was used to enhance the criminal history calculation on count two from level IV to level V, and the offense level from eighteen to twenty-two, increasing the sentence on count two. The criminal history calculation for count two was enhanced by two levels because the offense was committed while Young-Bey was in prison, and the base offense level was increased by four levels because he used a weapon. The conviction in count three was, he contends, comprised of two elements: his status as a prisoner and his possession of a weapon. He claims that the increase in his criminal history level resulted in double punishment in violation of the Double Jeopardy Clause. He concedes that prosecution for counts two and three would not necessarily violate the Double Jeopardy Clause, but contends that the conduct cannot be used both to enhance the criminal history calculation used in determining the sentence for count two and as the basis for a sentence on count three.
 
 
 5
 The Double Jeopardy Clause prohibits multiple punishments for the same offense. Grady v. Corbin, 495 U.S. 508 (1990); Blockburger v. United States, 284 U.S. 299, 302 (1932). However, neither the Double Jeopardy Clause nor the guidelines prohibit a court from considering conduct which is an element of the offense as the basis for an enhancement to the sentence on that offense. United States v. Williams, F.2d, No. 91-5399 (4th Cir. Jan. 14, 1992). Cumulative punishments for separate offenses are not barred by the Double Jeopardy Clause. Garrett v. United States, 471 U.S. 773, 778 (1985).
 
 
 6
 The increase in Young-Bey's criminal history level due to his commission of the offense while serving a criminal justice sentence did not result in impermissible double counting. The section 4A1.1(d) adjustment is designed to increase the punishment for one who commits an offense while serving another sentence. The guidelines do not make an exception for a case where imprisonment is an element of the offense. Because the guidelines do not expressly prohibit an upward adjustment to criminal history level in this situation, the district court properly applied section 4A1.1(d) to this case. United States v. Curtis, 934 F.2d 553, 556 (4th Cir. 1991) (double counting is permissible under the guidelines except where expressly prohibited); U.S.S.G. § 4A1.1, comment. (n.4; backg'd); cf. United States v. Thomas, 930 F.2d 12 (8th Cir. 1991) (adjustment to criminal history level for commission of offense while serving a criminal justice sentence did not constitute impermissible double counting where the offense, escape, was committed by a prisoner).
 
 
 7
 Finally, because the offenses were grouped, and because the statutory maximum sentence on count two was sixty months, the sentence on count two did not include an increase in punishment due to YoungBey's status as a prisoner at the time of the offense. The combined total sentence counted Young-Bey's status as a prisoner only once, in the determination of the criminal history level applicable to the grouped offenses. The guidelines sentence on count two, the count with the highest base offense level, exceeded the statutory sentence, so the statutory maximum sentence was imposed on counts one and two concurrently, and the sentence on count three was imposed consecutively to that in counts one and two. See United States v. Young, 916 F.2d at 152.
 
 
 8
 Because the sentence imposed by the district court did not violate the Double Jeopardy Clause, and because Young-Bey's status as a prisoner was not impermissibly double-counted in his sentence, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED
 
 
 *
 At the time of his trial, Appellant's name was John Young. The materials before the Court reflect that his name is now John Young-Bey