983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Paul SMITH, a/k/a Phillipe Smith, Defendant-Appellant.
 No. 92-5005.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 30, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-91-307-A)
 Joseph S. Lazarsky, Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Ankur J. Goel, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Smith was convicted by a jury of assault by striking, beating, or wounding in violation of 18 U.S.C.A. § 113(d) (West 1988) and of being a prisoner in possession of a contraband hammer in violation of 18 U.S.C. § 13 (West Supp. 1988) (assimilating Va. Code Ann. § 53.1-203(4) (Michie 1991)). Smith was initially charged with assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(c) (1988). He appeals his conviction and sentence. We affirm.
 
 
 2
 While incarcerated at Lorton Reformatory, Smith was involved in a fight with another prisoner, Napoleon Graves. Guards did not see the fight begin, but did see Graves chase Smith, who was holding a hammer. Guards separated the two after Graves pinned Smith against a wall. Graves was bleeding from a cut on his head, and said that Smith had hit him with the hammer. About thirty minutes after the incident, Smith gave a statement to a correctional officer after being advised of his Miranda[1] rights; Smith admitted that he had hit Graves with the hammer because Graves had refused to give him cigarettes. Two days later, in connection with a disciplinary hearing, Smith said that Graves had the hammer first and that he had taken it away from Graves.
 
 
 3
 Graves's testimony at trial corroborated Smith's first statement. So did the testimony of two inmate witnesses (Strozier and Sellers), who both had previously told Smith's attorney that Graves was the aggressor. They said they had done so because of threats from Smith. A third inmate, Robert Thames, testified that he had first seen Graves holding the hammer and walking with the workmen to whom it belonged. He said he had later seen Graves chasing Smith and that Smith then was holding the hammer, had blood on him, and appeared to have been wounded. There was no other evidence of any injury to Smith.
 
 
 4
 Smith requested a jury instruction on self-defense, which was refused. He contends on appeal that the district court erred in denying him this instruction. We find that the issue has not been properly preserved for appeal because Smith made no objection to the district court's decision, nor did he point out to the court any evidence supporting a theory of self-defense; indeed, defense counsel appeared to concede that none had been produced. Under Fed. R. Crim. P. 30, a party must object to the omission of an instruction to preserve the issue for appeal. See United States v. Vogt, 910 F.2d 1184, 1198 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3561 (U.S. 1991); United States v. Fountain, 642 F.2d 1083, 1095 (7th Cir.), cert. denied, 451 U.S. 993 (1981).
 
 
 5
 Smith's failure to preserve this issue for appeal necessitates the application of the plain error doctrine. Our review of the record, leads us to the inescapable conclusion that the district court's failure to give a self-defense instruction was not plain error. While Smith did submit some evidence supporting his theory of self-defense, it was largely contradictory and was undercut by his own statement immediately after the incident admitting that he hit Graves with the hammer because he was angry with Graves over cigarettes. In these circumstances, we are not convinced that the failure to instruct on selfdefense affected Smith's "substantial rights," as required under Fed. R. Crim. P. 52(b).
 
 
 6
 During Smith's sentencing, defense counsel requested that the court impose sentence at the low end of the one to five year range available under the state statutory scheme on the assimilated count, rather than sentence him under the federal sentencing guidelines. The court stated that it could not "ignore the guidelines," and imposed a sentence of thirty-three months, the lowest point of the applicable guideline range. Smith maintains that resentencing is required because it is unclear from the record whether the district court understood its authority to deviate from the guidelines range based on the discretion allowed under state law. However, the district court properly understood that the guidelines apply to this assimilative crime. See United States v. Young, 916 F.2d 147 (4th Cir. 1990).
 
 
 7
 Smith asserts that the district court erred in applying guideline section 2P1.2(a)(2),[2] which provides for a base offense level of thirteen where the contraband possessed is a weapon or an object that may be used as a weapon. He argues that by convicting him of only the lesser-included offense, the jury in effect acquitted him of using the hammer as a weapon, and that enhancing his base offense level for possession of a weapon or an object which could be used as a weapon violates double jeopardy. Even if the verdict is so construed, this Court has previously held that acquitted conduct may be used in sentencing without placing the defendant in double jeopardy. United States v. Romulus, 949 F.2d 713 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992).
 
 
 8
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)