**UNITED STATES of America, Plaintiff,**

v.

**Abu Ashonte ALI, Defendant.**

**No. 2:95cr31.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 1, 1995.

Janet W. Reincke, Asst. U.S. Attorney, Office of the U.S. Attorney, Norfolk, VA, for plaintiff.

Robert B. Rigney, Knight, Dudley, Dezern & Clarke, Norfolk, VA, for defendant.

## OPINION

DOUMAR, District Judge.

On September 5, 1994, a Chesapeake police officer noticed that the car driven by the defendant had a broken tail light. The officer followed the vehicle into the parking lot of the Village Motel in Chesapeake, and conducted a routine vehicle stop. The officer saw the defendant make "jerking movements." Because the defendant could not provide the officer with a driver's license, the defendant was placed into the officer's squad car pending identification. The officer learned that the defendant's license had been suspended. The defendant was then placed under arrest. As the officer approached the defendant's vehicle, he noticed a "bowie" knife in plain view in front of the driver's seat. The officer asked the defendant for consent to search the vehicle; the defendant granted consent, stating that it was not his vehicle. During the consensual search, the officer recovered the sawed off shotgun that was the subject of this indictment, as well as other items belonging to the defendant.

On February 22, 1995, the Norfolk Division of the Grand Jury charged defendant Abu Ashonte Ali with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was ordered detained by United States Magistrate Judge William T. Prince on March 3, 1995. A two-count superseding indictment was handed down by the Norfolk Division of the Grand Jury on March 13, 1995; that indictment charged the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and with possessing a firearm not registered with the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Defendant was tried on May 8 and 9, 1995. On May 9, 1995, the defendant was found guilty as to both counts of the indictment.

During the original sentencing hearing on August 8, 1995, the Court continued the matter until August 28, 1995, at 9.15 A.M. because the Government recommended that the defendant be sentenced to the maximum that the defendant could receive within the U.S.S.G. range. The sentence imposed on August 28, 1995, is vacated as it was inartfully worded, and the matter reset this day. The defendant contended that the maximum sentence which could be imposed is a total of 120 months, which is the maximum under each count. The Guideline range was 120 to 150 months. The United States filed a memorandum in support of a 150 month sentence, and the Defendant filed a memorandum in opposition to any sentence greater than 120 months. This Court will impose a sentence of 140 months.

## I. *Statutory and Guideline Provisions*

18 U.S.C. § 922(g) mandates a term of imprisonment of up to ten years and a fine of up to $250,000 for possession of a firearm by a convicted felon, Count One of the indictment.[1] 26 U.S.C. § 5861(d) mandates a term of imprisonment of up to ten years and a fine of up to $250,000 for possession of an unregistered firearm, Count Two of the indictment.[2]

■■■ United States Sentencing Guidelines § 2K2.1(a)(1) governs unlawful possession of a firearm; both counts of the indictment are covered by this guideline. Defendant's base offense level for both counts is 26, as defendant had two prior felony convictions of a crime of violence or controlled substance offense, and the instant offense involved a firearm listed in 26 U.S.C. § 5845(a), namely, a sawed-off shotgun. The counts have been grouped because of their close relation (involving the same act) and the combined adjusted offense level is 26. Defendant's criminal history is extensive; he has 28 criminal history points, placing him in criminal history category VI. The offense level total is 26. The guideline range for 26/VI is 120–150 months.

U.S.S.G. § 5G1.2(d) controls the sentencing under a multiple-count conviction:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

The Commentary advises that "[u]sually at least one of the counts will have a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count. If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment." U.S.S.G. § 5G1.2(d) Commentary.

## II. *Appropriate Sentence*

■■■ The Fourth Circuit addressed United States Sentencing Guideline § 5G1.2(d) directly in *United States v. Young,* 916 F.2d 147 (4th Cir.1990). Young was charged with three counts, all of which involved a single act of assault with a knife of a corrections officer. *Id.* at 148–49. The charges were willfully assaulting a corrections officer with a dangerous weapon in violation of 18 U.S.C. § 113(c), assaulting a corrections officer while in the performance of his duties in violation of District of Columbia Code § 22–505(a), and possession of an illegal knife, 18 U.S.C. § 13. The Fourth Circuit first held that the Sentencing Guidelines applied to violations of the D.C.Code, and then approved the grouping of these charges under the Guidelines. *Id.* at 149. The Fourth Circuit determined the appellant's sentence range to be 77–96 months under the Guidelines, in excess of the 60 month maximum for each of the three offenses. After quoting § 5G1.2(d) (and the relevant Commentary) in full, the Fourth Circuit held that a 60–month sentence on Count One and a consecutive sentence on the other two counts within a range of 17–36 months would be appropriate. *Id.* at 152. Accord *United States v. Kings,* 981 F.2d 790, 797–98 (5th Cir.1993) *cert. denied,* ——— U.S. ———, 113 S.Ct. 2450, 124 L.Ed.2d 666 (1993) (affirming a sentence under Guidelines § 5G1.2(d) of 150 months, where the defendant's recommended total punishment range was 120–150 months, and

---

1. 18 U.S.C. § 922(g) provides:
   It shall be unlawful for any person—
   (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. . . .
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm. . . .
   18 U.S.C. § 924(a)(2) provides that "[w]hoever knowingly violates [subsection (g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

2. 26 U.S.C. § 5861 provides:

   It shall be unlawful for any person—
   . . . .
   (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record. . . .
   Section 5871 provides that "[a]ny person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both." *Id.* § 5871.

where Count One imposed a 120 month maximum and Count Two imposed a 36 month maximum.) Thus this Court may impose a sentence greater than the statutory maximum of either Count.

■ It appearing to the Court that the statutory maximum for each count is 120 months and the range applicable here is 120 to 150 months, a 140–month sentence would be appropriate in this case. On Count I, the Court is imposing 120 months. On Count II, the Court is also imposing a sentence of 120 months, 100 months to run concurrent to the sentence imposed on Count I, and 20 months to run consecutive to sentence imposed on Count I. The Court relies on the express language of U.S.S.G. § 5G1.2(d) for the imposition of this sentence.

■ A question has been raised as to whether a sentence on one count of a multiple-count conviction may be imposed as part consecutive to and part concurrent with the sentence imposed on another count. This Court relies on the legislative history of 18 U.S.C. § 3584, as well as the cases of *United States v. Mizrachi*, 48 F.3d 651 (2nd Cir. 1995) and *United States v. Joetzki*, 952 F.2d 1090 (9th Cir.1991), for the conclusion that the above sentence is well within the discretion of the sentencing court. The Court feels that the Fourth Circuit would follow the *Mizrachi* holding, in part because the Second Circuit in that case alludes to a Fourth Circuit opinion, *United States v. Watford*, 894 F.2d 665 (4th Cir.1990) *reh'g denied (en banc)*, (4th Cir.1990).

As outlined above, the Sentencing Guidelines states that a consecutive sentence should be imposed "only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). This language on its face appears to allow a part-concurrent and part-consecutive sentence on the second (or subsequent) count of a multiple-count conviction. In the Senate Report that follows the Comprehensive Crime Control Act of 1984 (the statute that mandated promulgation of the Sentencing Guidelines), the appropriate sentence for multiple offenses was considered. The Senate Committee Report states that 18 U.S.C. § 3584 was adopted to give courts direction

as to when concurrent versus consecutive sentences were appropriate. The Report states, "[t]he Committee believes that the new provision when read with the revised version of 28 U.S.C. 994(1) will lead to carefully considered determinations as to the appropriateness of concurrent, consecutive, *or overlapping* sentences in cases of multiple offenses." S.Rep. 98–225, 98th Cong.2d Sess. (1983) *reprinted in* 1984 U.S.C.C.A.N. 3182, 3348 (emphasis added). In this context, the use of the term "overlapping" can only mean the imposition of a part-consecutive and part-concurrent sentence because it is set out as something different from "concurrent" and "consecutive."

In *United States v. Joetzki*, the Ninth Circuit quoted both the above-mentioned section of the guidelines and the legislative history and appeared to recommend the partially consecutive sentence. 952 F.2d 1090 (9th Cir.1991). The Ninth Circuit held that where a court imposes a 65–month sentence on two counts that each have a sixty-month maximum, under 18 U.S.C. § 3584, "the Court should have ordered the sentences to run consecutively, overlapping to total 65 months." *Id.* at 1098. The use of the term "overlapping" appears to directly envision a part-concurrent and part-consecutive sentence on a single count.

The Fourth Circuit in *United States v. Watford* held that a trial court had the discretion to impose a consecutive sentence on a second, pre-Guidelines count only to the extent necessary to achieve total punishment. 894 F.2d 665, 669–70 (4th Cir.1990) While affirming the sentence imposed by the trial court, the Fourth Circuit stated that such an overlapping sentence with respect to the pre-Guidelines count "would have been more in keeping with the intent of the [Sentencing Reform] Act." *Id.* at 669. This holding may be interpreted as evincing the Fourth Circuit's view that "overlapping" sentences are appropriate under the Guidelines.

More directly on point is *Mizrachi*. 48 F.3d 651 (2nd Cir.1995). There the Second Circuit stated the following:

One of the major innovations of the Guidelines was the solution to the problem of

sentencing a defendant convicted of multiple counts. Prior to the Guidelines, sentencing judges often considered themselves limited to a choice between completely concurrent and completely consecutive sentences.

*Id.* at 654. After discussing the grouping requirement of the Guidelines, the Court then added the following after stating the rule of U.S.S.G. § 5G1.2(d):

> If the statutory maximum sentence for the most serious count is less than the sentence called for by the sentencing table, then sentences on the other counts are imposed consecutively "but only to the extent necessary to produce a combined sentence equal to the total punishment" called for by the sentencing table. [ ] This can be accomplished either by imposing a consecutive sentence no longer than what is sufficient to make this sentence and the sentence on the most serious count equal to the intended aggregate punishment, or by selecting an appropriate punishment for counts other than the most serious count and running them consecutive only to the extent necessary to equal the intended aggregate punishment. *The latter technique of partial consecutiveness avoids the risk of leaving in place a sentence less than what the sentencing judge intended in the event that the sentence on the most serious count is subsequently vacated.*

*Id.* at 654–55 (emphasis added) (citation omitted) (quoting U.S.S.G. § 5G1.2(d)). Importantly, the Second Circuit footnoted to *Watford* in support of this proposition. *Id.* at 654 n. 1. It is abundantly clear that the Second Circuit interprets the Guidelines to allow the suggested partially consecutive sentence. Furthermore, given the Second Circuit's reliance upon a Fourth Circuit decision, the Court is convinced that the Fourth Circuit would affirm the sentence imposed in the instant case.

### Conclusion

It appearing to the Court that a 140–month sentence would be appropriate in this case, the Court is imposing 120 months on each Count. However in keeping with the relevant Guidelines provisions, on Count II

the sentence of 120 months shall be 100 months to run concurrent to the sentence imposed on Count I, and 20 months to run consecutive to sentence imposed on Count I.

Therefore, pursuant to the Sentencing Reform Act of 1984, it is the Judgment of the Court that the defendant, Abu Ashonte Ali, is hereby committed to the custody of the United States Bureau of Prisons, to be imprisoned for a term of 140 months. The term consists of 120 months on Count I and a term of 120 months on Count II, with 20 months of the sentence on Count II to run consecutive to the sentence imposed on Count I and with 100 months of the sentence imposed on Count II to run concurrent with the sentence imposed on Count I.

**IT IS SO ORDERED.**