**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5456

TIMOTHY DOYLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-94-524-A)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Dennis M. Kennedy, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Doyle was convicted by a jury of rioting, 18 U.S.C.A. § 13 (West Supp. 1995), assimilating Va. Code Ann. § 18.2-405 (Michie 1988), and assault on a correctional officer, D.C. Code Ann. § 22-505(a) (1995). He was sentenced to a term of 41 months imprisonment. Doyle appeals his conviction on the ground of insufficient evidence and appeals his sentence on a number of grounds. Finding no error, we affirm the conviction and the sentence.

Near midnight on February 22, 1993, a two-hour disturbance occurred in the maximum security facility at Lorton Reformatory, a District of Columbia correctional facility located in northern Virginia. Burning materials were thrown out of cells and the fires fueled by additional materials thrown by inmates. The volume of heavy smoke threatened to make evacuation of the entire cell block necessary. Doyle was identified as one of three who appeared to be inciting others to keep up the disturbance and to "go hard" if officers attempted to remove them from their cells. He and several others were forcibly removed from the cell block, after which the disturbance subsided. Three correctional officers testified at Doyle's trial. Doyle testified that he did not participate in the disturbance.

A conviction must be upheld if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The issue is whether, taking the view most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts to be proven to those sought to be proved. Id. The jury's estimation of the credibility of the witnesses is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The Virginia statute defines a riot as any "unlawful use, by three or more persons acting together, of force or violence which seriously jeopardizes the public safety, peace or order." Va. Code Ann. § 18.2-405.

2

Doyle argues that there was no evidence of a riot, given that all the inmates were in their cells. He also argues that there was no evidence that he personally participated in a riot. However, the evidence established that the concerted actions of at least some of the inmates clearly jeopardized the safety and order of the cell block. Correctional Officer Clegg testified that Doyle was throwing fuel on the fire in front of his cell and telling other inmates to "go hard," or refuse to cooperate when removed from their cells. Correctional Officer Bruno also saw Doyle feeding the fire. Lt. Clark testified that Doyle was one of the three agitators who were loudest and most insistent on continuing the disruption. This evidence was sufficient for the jury to find, based on the testimony of the correctional officers, that there was a riot and that Doyle participated in it.

In calculating Doyle's sentencing guideline range, the probation officer applied USSG § 2X5.1,* which directs that, for offenses for which no guideline expressly has been promulgated, the most analogous guideline should be applied. The probation officer applied USSG § 2P1.3 (Inciting a Riot) to Count One and recommended a base offense level of 16, the level to be used if the offense involved a major disruption to the operation of an institution. For Count Two, the district court applied USSG § 2A2.4(a) (Impeding Officers), which has a base offense level of 6. Both counts were grouped pursuant to USSG § 3D1.2(b) and the recommended combined offense level was 21. This calculation included a victim-related adjustment which the district court later eliminated.

Doyle objected that the offense level for Count One should be 10 because the incident was not a major disturbance. He also argued that the federal sentencing guidelines did not apply to violations of the D.C. Code, citing 18 U.S.C.A. § 3551(a) (West Supp. 1995). He requested a separate, concurrent sentence on Count Two.

At sentencing, the district court found that a major disturbance had occurred, making the base offense level 16, and that Doyle had perjured himself when he testified that he did not participate in the riot. The final combined offense level was 18 and the resulting guideline

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1994).

range for both counts was 41-51 months. The district court did not specifically rule on whether the guidelines apply to violations of the D.C. Code because defense counsel agreed that it was not a problem if the sentences were concurrent. The court imposed the statutory maximum sentence of 12 months on Count One and a concurrent 41-month sentence on Count 2. The statutory maximum for Count Two was 60 months.

Doyle contends that the district court erred in imposing sentence on Count Two under the guidelines. He concedes that in United States v. Young, 916 F.2d 147, 150-52 (4th Cir. 1990), this court held that the federal sentencing guidelines apply to violations of the D.C. Code which occur at Lorton. Doyle contends that Young was wrongly decided and asks that it be reversed, citing United States v. Cutchin, 956 F.2d 1216, 1219 (D.C. Cir. 1992), which holds that the sentencing guidelines do not apply to violations of the D.C. Code. In that case, however, the crime occurred in the District of Columbia, not at Lorton, and the cases are thus distinguishable.

Doyle argues that 18 U.S.C.A. § 3551(a) (West Supp. 1995) exempts offenses under the D.C. Code from the sentencing guidelines. The statute provides:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, including sections 13 and 1153 of this title, other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 353(a)(2) to the extent that they are applicable in light of all the circumstances of the case. (emphasis added)

The government counters that the two D.C. Code provisions which are most often violated at Lorton are not applicable exclusively in the District of Columbia. The statute in question here, D.C. Code § 22-505(a), prohibits various forms of interference with corrections officers of the District of Columbia, whether the correctional institution "is located within the District of Columbia or elsewhere." The govern-

4

ment represents that the same issue was raised during oral argument in Young. Without specifically addressing the issue, Young held without equivocation that a violation of D.C. Code § 22-505(a) committed at Lorton should be grouped with federal offenses and assimilated offenses and instructed the district court how to do so on remand. Young, 916 F.2d at 151-52. A panel cannot overrule the decision of a prior panel in this circuit. Brubaker v. Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991). Moreover, we find that the district court properly sentenced Doyle in accordance with Young.

Next, Doyle objects to the use of the same offense level for both counts. Because the counts were properly grouped, no error occurred. See USSG §§ 3D1.3, 3D1.4, 5G1.2(c). Finally, Doyle maintains that the district court wrongly determined that the riot "involved a major disturbance to the operation of [the] institution." USSG § 2P1.3(a)(2). The district court based its finding on the evidence that multiple fires were set, causing smoke to fill the area and causing risk to the officers who had to put out the fires and forcibly remove several inmates. Because of these factors, as well as the duration of the incident, we find that the district court's factual finding was not clearly erroneous.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5