UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4549

CLARENCE MCKINLEY MELSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-96-30-A)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Markus H. Meier, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clarence McKinley Melson, a District of Columbia inmate housed at Lorton Reformatory, was found guilty by jury of assaulting a correctional officer in violation of D.C. Code Ann.§ 22-505(a) (1996).[1] On appeal, he alleges that the evidence at trial was insufficient to support his conviction. For the reasons that follow, we affirm.

On direct appeal, a verdict must be sustained if there is substantial evidence, viewed most favorably to the Government, to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is "whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citation omitted). "Given the lack of any real deficiency in the evidence, this court is bound by the credibility choices of the jury," e.g., we "do not weigh the evidence or review the credibility of witnesses in resolving the issue of substantial evidence." United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (internal quotations and citations omitted).

At trial, the involved correctional officer testified that as he looked down to check Melson's identification card, Melson hit him in the face twice. During the ensuing struggle Melson choked him, which prevented him from radioing for help; ultimately the officer was able to handcuff Melson. Conversely, Melson testified that the correctional officer attempted to handcuff him without warning and that, when Melson resisted, the officer attempted to strike him in the head. During the scuffle, the correctional officer was hit in the face with a handcuff and fell over a locker and onto the floor. The parties stipulated to the fact that as a result of the altercation the correctional officer "sustained bruises and abrasions on his left cheek and jaw and scrapes and scratches to both of his hands." Melson sustained no injuries.

_____

[1] Although Melson was charged with a violation of the law of the District of Columbia, because the prison is located in the Eastern District of Virginia the trial court properly had jurisdiction. See D.C. Code Ann. 22-505(a); United States v. Young, 916 F.2d 147, 150 (4th Cir. 1990).

2

Melson's defense counsel was able to show that the correctional officer's trial testimony was somewhat inconsistent with a memorandum and incident report previously authored by the officer. Also, defense counsel presented inmate witnesses who gave testimony contrary to the officer's. Nonetheless, the jury found Melson guilty of the offense.

Viewing the facts as we must under Tresvant, 677 F.2d at 1021, and considering that we cannot review credibility, see Saunders, 886 F.2d at 60, we find there is substantial evidence to support Melson's conviction. Glasser, 315 U.S. at 80. The jury simply believed the correctional officer rather than Melson.[2]

Thus, we affirm Melson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] Further, as noted by the Government on appeal, even if the jury found Melson's evidence credible, the jury could have reasonably concluded that Melson's actions constituted a violation of the statute. See D.C. Code Ann. § 22-505(a) ("[w]hoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or . . . employee of any penal or correctional institution . . . while engaged in or on account of the performance of his or her official duties," violates the statute).

3