**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 98-4021

ROBERT DANIEL PRINCE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-94-193)

Submitted: December 17, 1998

Decided: January 5, 1999

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Herbert W. Louthian, Deborah R.J. Shupe, LOUTHIAN &
LOUTHIAN, Columbia, South Carolina, for Appellant. Sean Kittrell,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Daniel Prince was originally sentenced to a term of 225 months imprisonment upon his conviction of two federal firearm offenses, each carrying a statutory maximum sentence of 120 months. His conviction and sentence were affirmed on appeal. See United States v. Prince, No. 95-5180 (4th Cir. Aug. 23, 1996) (unpublished). Prince later filed a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), contending that the sentence on each count exceeded the statutory maximum sentence. The district court granted the motion and resentenced Prince to 120 months imprisonment on the first count and eighty months on the second count, with the sentences to run consecutively. The total sentence of 200 months was within the guideline range of 188-235 months.

Prince's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious issues. Prince has filed a pro se supplemental brief raising an issue which was decided in the first appeal. After a review of the record, we affirm.

In the Anders brief, defense counsel suggests that, in resentencing Prince, the district court was bound by its original decision to impose concurrent sentences and thus could not impose a sentence of more than 120 months imprisonment. We find no error. The district court correctly applied U.S. Sentencing Guidelines Manual § 5G1.2(d) (1995), which directs the district court to impose a consecutive sentence when the sentence for the count with the highest statutory maximum is less than the total punishment, i.e., the sentence the court has chosen within the guideline range. See United States v. Young, 916 F.2d 147, 151-52 (4th Cir. 1990) (grouped counts may merit consecutive sentences where the statutory maximum on all counts is less than the total punishment); United States v. Watford , 894 F.2d 665, 669 (4th Cir. 1990) (sentences for two counts grouped together should run concurrently "except to the extent necessary to produce a sentence within the appropriate sentencing guidelines range."). See also United States v. Moreno-Hernandez, 48 F.3d 1112, 1116-17 (9th Cir. 1995)

2

(affirming consecutive sentences imposed on remand under USSG § 5G1.2(d)).

In his pro se supplemental brief, Prince contests the district court's decision, at the original sentencing, to enhance his sentence for possession of a firearm in connection with the commission of another felony. See USSG § 2K2.1(b)(5). He maintains that the enhancement did not apply because he was not convicted of a felony drug offense. However, while Prince claimed at the original sentencing that he merely possessed marijuana, the district court found that he was engaged in drug trafficking. On appeal, we held that the court's factual finding was not clearly erroneous. The issue Prince seeks to raise has thus been decided.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED