UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 00-4456

MICHAEL HICKS,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-99-445)

Submitted: February 28, 2001

Decided: March 16, 2001

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark Bodner, Fairfax, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, William J. Lovett, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Hicks appeals the 51-month sentence he received after he was convicted of assaulting a correctional officer at Lorton Reformatory in violation of D.C. Code Ann. § 22-505(a) (1999). He contends that the district court erred in sentencing him under the United States Sentencing Guidelines. We affirm.

In *United States v. Young*, 916 F.2d 147, 150 (4th Cir. 1990), this Court held that the Guidelines apply to Virginia offenses assimilated under 18 U.S.C.A. § 13 (West 2000), and to violations of the D.C. Code which occur at Lorton. Hicks argues that 18 U.S.C.A. § 3551(a) (West 2000), indicates that the Guidelines do not apply to acts of Congress applicable exclusively in the District of Columbia.* Hicks argues that, because his offense was neither a federal offense nor an assimilated state offense, and he was not sentenced at the same time for any federal or assimilated offenses, the Guidelines did not apply, or at the very least, the rule of lenity should be invoked in construing § 3551 to find that they do not apply. Hicks attempts to distinguish his case from *Young* by arguing that it is significant that he was sentenced for a single D.C. Code violation, while the defendant in *Young* was convicted and sentenced at the same time for a federal offense

---

*Title 18, § 3551(a) provides:

Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, including sections 13 and 1153 of this title, *other than an Act of Congress applicable exclusively in the District of Columbia* or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

18 U.S.C.A. § 3551(a) (emphasis added).

D.C. Code Ann. § 22-505(a) prohibits various forms of interference with District of Columbia correctional officers whether the "institution or facility is located within the District of Columbia or elsewhere."

and an assimilated Virginia offense. He argues that *Young* did not address the issue he raises here and is thus not dispositive.

We find that *Young* governs this case. Although it did not directly address the issue Hicks raises, *Young* held that the Guidelines applied to all of Young's convictions — a federal offense, a Virginia assimilated offense, and a D.C. Code § 22-505(a) violation. *Young*, 916 F.2d at 152. Moreover, *Young* did not make any distinction between a D.C. Code violation being sentenced singly or with other offenses. The clear import of *Young* is that the Guidelines apply to all violations of the D.C. Code that are committed at Lorton.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*