**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4170

COLIN VICTOR BROOK, a/k/a Thomas
Lindsay Parker,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-147)

Submitted: April 14, 1998

Decided: May 8, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Colin Victor Brook, Appellant Pro Se. William Earl Day, II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Colin Brook appeals his convictions and sentence for mail fraud[1] and money laundering.[2] Brook engaged in an elaborate scam from January 1994 to February 1996, that defrauded seven individuals of at least $2,000,000. After his fraud was discovered, Brook attempted to conceal his ill-gotten gains from the government by purchasing bonds to be held by a nominee, making sham loans, and transferring real and business assets. On appeal, Brook essentially claims that the government improperly withheld evidence and coerced him into pleading guilty. Additionally, Brook asserts that the district court erred in calculating his sentence under the federal sentencing guidelines. Finding no reversible error, we affirm Brook's convictions and sentence of 108 months incarceration.

In February 1996, a grand jury indicted Brook in a two-count indictment for mail fraud and money laundering. Pursuant to a plea agreement, Brook pleaded guilty to mail fraud. In return, the government agreed to dismiss the money laundering charge and not to prosecute Brook for federal firearms violations. The government's obligations, however, were contingent upon Brook being "fully truthful and forthright" concerning his assets and complying with all terms of the agreement.

Brook subsequently failed a polygraph examination during a debriefing about his assets. Brook gave deceptive answers when questioned about liquidating assets since entering into the plea agreement and what he did with the proceeds. Consequently, the government moved to have its obligations under the plea agreement declared null and void. After an evidentiary hearing, the district court granted the government's motion. Brook then pled guilty, pursuant to a written plea agreement, to money laundering and again promised to truthfully and fully disclose his assets. Again, Brook failed a polygraph examination concerning his assets.

_____

**1 See** 18 U.S.C. § 1341 (1994).

**2 See** 18 U.S.C.A. § 1956(a)(1)(A)(i) (West Supp. 1998).

At Brook's sentencing hearing, the district court determined that Brook had obstructed justice by lying during the polygraph examination and refused him an adjustment for acceptance of responsibility. The government then withdrew its motions to set aside Brook's second plea agreement and for an upward departure. With the two-level adjustment for obstruction of justice, Brook's offense level was 27; he was in criminal history category III, making his guideline range 87 to 108 months. The court imposed a sentence of 108 months incarceration with three years supervised release and $1,999,271 restitution. Brook appealed.

First, Brook claims that the government failed to provide exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Brook asserts that he was prejudiced by the government's failure to timely disclose a possibly exculpatory Federal Bureau of Investigation (FBI) Form 302 concerning statements he made in November 1995. Brook's claim is without merit because the record does not reveal the untimely disclosure of any evidence or that the FBI Form 302 was exculpatory. Moreover, Brook failed to raise this issue at any of his numerous hearings, and by pleading guilty Brook waived antecedent non-jurisdictional errors.[3]

Brook also claims that the district court abused its discretion when it considered his failed polygraph examinations in determining that he had failed to comply with the terms of the plea agreement. Courts have broad discretion whether to admit or exclude polygraph evidence,[4] and Brook agreed when he pled guilty to have the information he provided verified by a polygraph examination. Under these circumstance, we find no abuse of discretion.

Moreover, the court did not abuse its discretion, during the evidentiary hearing on Brook's failure to comply with the plea agreement, in sustaining the government's objection to cross-examining a witness using an FBI Form 302. A trial court's evidentiary rulings are entitled to substantial deference,[5] and a court has great discretion on limiting

_____

[3] See Tollett v. Henderson, 411 U.S. 258, 266-68 (1973).

[4] See United States v. Webster, 639 F.2d 174, 186 (4th Cir. 1981).
[5] United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992).

3

testimony that leads away from the main controversy. **6** Further, the FBI Form 302 was not admissible as a prior statement because it was not a prior statement made by the witness, but a summary of an interview prepared by an FBI agent.**7** Moreover, Brook failed to lay a proper foundation for use of the FBI Form 302, and the court did in fact question the witness concerning discrepancies between his testimony regarding the amount of loss suffered and the amount he had previously reported to the FBI.

Brook also contends that he was coerced into entering his second guilty plea when the court ruled the government's obligations under the first guilty plea were void. Brook's own failure to cooperate fully and truthfully voided the government's obligations under his first plea agreement. Brook was free to accept or reject the government's second plea offer, and there was no improper attempt by the prosecution to prevent Brook from invoking his rights.**8** Thus, Brook's second guilty plea was an informed, intelligent, and voluntary decision.**9**

Next, Brook claims that the court erred in calculating his sentence. Specifically, Brook asserts that the court improperly grouped together his mail fraud and money laundering counts, and failed to establish a methodology to determine the amount of loss suffered by his victims. Brook's claim is without merit. Where two or more counts are so closely related that they represent one harm, they are grouped together and treated as one offense.**10** Moreover, Application Note 6 to USSG § 3D1.2(d),**11** expressly permits the grouping of offenses under the fraud and money laundering guidelines; **12** therefore, the offenses were properly grouped together. Further, the court received substantial evidence and testimony concerning the extent of Brook's

_____

**6 See Davis v. Alaska**, 415 U.S. 308, 316 (1974); United States v. McMillon, 14 F.3d 948, 956 (4th Cir. 1994).
**7 See** FED. R. E VID. 613 & 801.
**8 See Blackledge v. Perry**, 417 U.S. 21, 27-28 (1974).

**9 See Boykin v. Alabama**, 395 U.S. 238, 242 (1969).
**10 See United States v. Young**, 916 F.2d 147, 151-52 (4th Cir. 1990).
**11** U.S. SENTENCING G UIDELINES MANUAL (1995).

**12 See United States v. Porter**, 909 F.2d 789, 792-93 (4th Cir. 1990).

4

fraud and his victims' losses; thus, based upon the record, the district court's findings are not clearly erroneous.[13]

Finally, we decline to address on direct appeal Brook's claim that counsel was ineffective. Ineffective assistance of counsel claims should be raised by motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) in the district court and not on direct appeal, unless it "conclusively appears" in the trial record that counsel did not provide effective representation.[14] The record does not conclusively show that counsel's actions were ineffective.

We therefore affirm Brook's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[13] **See United States v. Mullens** , 65 F.3d 1560, 1564 (11th Cir. 1995) (grouping mail fraud and money laundering offenses under § 3D1.2(d)).
[14] **See United States v. Fisher**, 477 F.2d 300, 302 (4th Cir. 1973).

5